**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GUANGWEI ZHU,

                          Plaintiff,

            - v -                                  Civ. No. 8:18-CV-602
                                                        (DNH/DJS)
THE UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES and THE UNITED
STATES DEPARTMENT OF HOMELAND
SECURITY,

                          Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

GUANGWEI ZHU
Plaintiff, *Pro Se*
5035 S. Catherine Street
Mailbox 43
Plattsburgh, New York 12901

**DANIEL J. STEWART**
**United States Magistrate Judge**


                    <u>**REPORT-RECOMMENDATION and ORDER**</u>

        The Clerk has sent for review a civil Complaint in the nature of mandamus filed by

*pro se* Plaintiff Guangwei Zhu.  Dkt. No. 1, Compl.  Plaintiff has not paid the filing fee, but

instead submitted a Motion to Proceed *in forma pauperis* ("IFP").  Dkt. No. 2, IFP App.  By

separate Order, dated June 19, 2018, this Court granted Plaintiff's Application to Proceed

IFP.  Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the

sufficiency of the Complaint.

# I.  DISCUSSION

## A.  Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

## B. Allegations Contained in Plaintiff's Complaint

Plaintiff alleges that Defendants have failed to comply with statutory requirements for processing his application for naturalization as a United States citizen. Plaintiff alleges that he is a long-time resident of the United States who became a lawful permanent resident on May 14, 2012. Compl., p. 2. He further alleges that he has applied for citizenship and meets all legal requirements under the naturalization laws to become a citizen. *Id.* at pp. 1-2. He contends that Defendants are unreasonably delaying the process of completing a required background check. *See generally id.* He specifically avers that his background check is still pending. *Id.* at p. 2, ¶ 5. According to Plaintiff, that background check has gone on for

fourteen months and requests for updates on the status of his application have been denied. *Id.* at p. 2, ¶¶ 5-7. Plaintiff alleges that the delay has been caused by the criminal background check process undertaken by the Federal Bureau of Investigation. Generally speaking, Plaintiff alleges that at the request of Defendants, the FBI is undertaking what are known as "name checks" which are not a legally required part of the background check. *See generally id.* at pp. 6-8. Plaintiff contends that this process has caused his application process to be unreasonably protracted for no legal reason. *Id.*

The Complaint seeks either an order granting his citizenship application or a remand to Defendants with instructions to complete the review process and adjudicate his application within 60 days. *Id.* at pp. 9-11.

### C. Sufficiency of the Pleading

Plaintiff has two specific causes of action. His first claim relies principally on 8 U.S.C. § 1447(b) and contends that under this statute he is entitled to a determination by the court as to his naturalization status. The statute provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

This provision clearly "provides a cause of action for a claimant who has been subjected to examination—but, after a period of 120 days, has not had his application granted or denied." *Mowlana v. Mukasey*, 2009 WL 130571, at *3 (D. Colo. Jan. 20, 2009). The

"examination" referred to in section 1447(b) is an interview of the applicant by United States Citizenship and Immigration Services ("USCIS"). *Walji v. Gonzales*, 500 F.3d 432, 435 (5th Cir. 2007); *Alomari v. Keisler*, 2007 WL 3255004, at *2 (S.D.N.Y. Nov. 1, 2007). The Complaint does not allege that Plaintiff has yet had this interview. Plaintiff alleges only that his background check is still pending. Compl., p. 2 at ¶ 5 & p. 3 at ¶ 12. The applicable federal regulations "provide that the examination is to be conducted *only after* the FBI has provided a 'definitive response that a full criminal background check of the applicant has been completed.'" *Walji v. Gonzales*, 500 F.3d at 434 (quoting 8 C.F.R. § 335.2(b)) (emphasis added). Given that Plaintiff concedes that his background check remains ongoing, it is not at all clear that he is yet even eligible for the interview. In any event, his failure to have alleged that it has taken place is sufficient to find that he fails to state a claim as to his first claim for relief because "the statute provides no cause of action for a plaintiff who has not yet been subject to the examination." *Mowlana v. Mukasey*, 2009 WL 130571, at *3 (citing authorities); *see also Kakushadze v. Chertoff*, 2008 WL 2885292, at *7-8 (S.D.N.Y. July 25, 2008). Accordingly, this claim should be dismissed.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991)). Recognizing that section 1447(b) does, under specified circumstances, confer jurisdiction on the court to address naturalization matters,

I recommend that Plaintiff be granted leave to amend if he can, through more detailed pleading, address the deficiencies identified above.

Plaintiff's second cause of action raises two issues under the Administrative Procedure Act. He alleges first that what he describes as the "name check" is a "new substantive requirement to the naturalization process" that is not authorized or required by law. Compl., p. 10 at ¶ 2. He also claims that his background check had not been completed within a reasonable time as required for agency action under 5 U.S.C. § 555(b). *Id.* at ¶ 1.

Under section 553(a) of the APA, an agency is required to give notice of proposed changes in rules and give an opportunity for public comment before a rule is adopted. *Parella v. Johnson*, 2016 WL 3566861, at *11 (N.D.N.Y. June 27, 2016). This requirement does not apply, however, to general statements of policy, interpretive rules, or rules of agency organization, procedure or practice. 5 U.S.C. § 553(b)(3)(B). Plaintiff claims that the name check requirement represented a substantive change in the general background check regulations in 8 C.F.R. § 335.2 and is invalid because it was not subject to the required notice and comment period. Compl., pp. 6-8. A review of other decisions addressing this type of claim show that courts have reached differing conclusions. *Compare Roshandel v. Chertoff*, 2008 WL 1969646, at *8 (W.D. Wash. May 5, 2008) (denying motion to dismiss holding "[t]o decide whether the alleged policy is interpretive or substantive, the Court needs the benefit of a more fully developed record") *and Mocanu v. Mueller*, 2008 WL 372459, at *1 (E.D. Pa. Feb. 8, 2008), *order corrected*, 2008 WL 570953 (E.D. Pa. Feb. 28, 2008) (holding "FBI name check program has never been authorized by statute or regulation, and

its continued application to Plaintiffs is improper because of the unreasonable delays it has caused in the adjudication of Plaintiffs' applications for naturalization") *with Hani v. Gonzales*, 2008 WL 2026092, at *5 (W.D. Ky. May 8, 2008) (citing cases) (holding "the APA's notice-and-comment requirement is inapplicable to the FBI name check requirement and the Plaintiffs' claims for violation of the APA's notice-and-comment requirement must be dismissed") *and Ahmed v. Holder*, 2009 WL 3228675, at *7 (E.D. Mo. Sept. 30, 2009) (same). Given these contrary results, it cannot be said that Plaintiff's claim is so lacking in merit that it should not be allowed to proceed.

There is also authority to suggest that Plaintiff's timeliness claim fails because the conduct at issue with respect to the conduct of the background check is not chargeable to either named Defendant. The only named defendants here are the Department of Homeland Security and Citizenship and Immigration Services. As discussed above, under 8 C.F.R. § 335.2(b) USCIS has no duty "to adjudicate Plaintiff's naturalization application" prior to receiving the background check information from the FBI. *Kakushadze v. Chertoff*, 2008 WL 2885292, at * 7. Some courts have held that until that triggering event, the reasonable time under the APA within which to act has not yet begun for Defendants and Plaintiff has no timeliness claim under the statute against these defendants. *Id.*[1] In *Mocanu*, however, the Court focused on the role USCIS played in seeking to have the name checks conducted and focused on "the validity of USCIS delaying naturalization applications of Plaintiffs because

---

[1] Any delay might be, as Plaintiff's Complaint alleges, attributable to the FBI but it is not a party to this action.

the FBI name check is taking a long time." *Mocanu v. Mueller*, 2008 WL 372459, at \*8. Again, given this conflict it cannot be said that the Complaint lacks merit, and Defendants should be directed to respond to the Complaint.

For these reasons, it is recommended that Plaintiff's Complaint be dismissed as to his claim under 8 U.S.C. § 1447(b) with leave to replead, but that his Administrative Procedure Act claim be permitted to proceed.

## II.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be *sua sponte* dismissed as to Plaintiff's claim under 8 U.S.C. § 1447(b), but that he be granted leave to replead his Complaint; and it is further

**RECOMMENDED**, that Plaintiff's Administrative Procedure Act claims be permitted to proceed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

**(14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d

85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir.

1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  June 19, 2018
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge