UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GUANGWEI ZHU,

                                  Plaintiff,

   -v-                                                 8:18-CV-602
                                                       (DNH/DJS)

THE UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES and THE UNITED
STATES DEPARTMENT OF HOMELAND
SECURITY,

                                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

GUANGWEI ZHU
Plaintiff pro se
5035 S. Catherine Street
Mailbox 43
Plattsburgh, NY 12901


DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

       Pro se plaintiff Guangwei Zhu brought this civil complaint against the United States Citizenship and Immigration Services and the United States Department of Homeland Security. On June 19, 2018, the Honorable Daniel J. Stewart, United States Magistrate Judge, advised by Report-Recommendation that plaintiff's Administrative Procedure Act claims be permitted to proceed. He further recommended that the complaint be dismissed as to plaintiff's claim under 8 U.S.C. § 1447(b) but that plaintiff be granted leave to amend his complaint. No objections to the Report-Recommendation have been filed.

However, on September 21, 2018, plaintiff filed a letter motion requesting to submit an amended complaint and attached his proposed amended complaint which adds several new defendants, including naming specific defendants with United States Citizenship and Immigration Services and United States Department of Homeland Security, as well as the Director of the Federal Bureau of Investigation and the Attorney General of the United States.

First, based upon a careful review of the entire file and the recommendations of the Magistrate Judge, the Report-Recommendation is accepted in whole. See 28 U.S.C. § 636(b)(1). Though the filing of plaintiff's proposed amended complaint was premature as the Report-Recommendation had not yet been acted upon, it will nonetheless be considered at this time.

Magistrate Judge Stewart's initial review took issue with plaintiff's claim under 8 U.S.C. § 1447(b) and recommended that claim be dismissed unless plaintiff could provide facts in an amended complaint which would entitle him to relief. As Judge Stewart laid out, § 1447(b) does provide a private cause of action for a claimant who has been examined but, after a period of 120 days, has had no decision rendered on his naturalization application. See Escaler v. U.S. Citizenship and Immigration Servs., 582 F.3d 288, 291 (2d Cir. 2009). The deficiency in plaintiff's claim was that he conceded that his background check remained ongoing and it was not at all clear that he was even eligible for the interview. Accordingly, Judge Stewart found that because plaintiff had not yet been examined, he had no cause of action under § 1447(b).

Plaintiff's proposed amended complaint does not indicate that his background check has been completed, that he has been deemed eligible for an interview, or that such

an interview has taken place. Instead, he maintains that his background check remains ongoing and that as a result, he has not yet been scheduled for an interview. He contends that despite complying with the statutory and regulatory requirements for seeking naturalization, defendants have failed to act on his naturalization application.

Plaintiff's proposed amended complaint does not cure the deficiency in his § 1447(b) claim because he again fails to allege that his interview has taken place. Therefore, the 120-day time period mandated by the statute has not even started to run. Until his interview takes place and 120 days elapse after that interview with no decision, plaintiff has no cause of action under § 1447(b).

Any claims regarding an unreasonable delay in completing plaintiff's background check or scheduling his interview can be addressed through plaintiff's Administrative Procedure Act claims.

Accordingly, plaintiff has had an opportunity to file an amended complaint and he cannot state a claim under 8 U.S.C. § 1447(b) for the same reasons previously identified by Judge Stewart. Plaintiff's § 1447(b) claim will be dismissed and the remainder of the amended complaint will be permitted to proceed. The U.S. Marshal is directed to serve the defendants in accordance with the Local Rules and the Federal Rules of Civil Procedure and defendants are directed to answer accordingly.

Finally, plaintiff's second motion for leave to proceed *in forma pauperis* ("IFP") will be denied as he was previously granted IFP status and that status has not been revoked. ECF No. 5.

Therefore, it is

ORDERED that

1. The Report-Recommendation is adopted in whole;

2. Plaintiff's letter motion, ECF No. 7, is construed as a proposed amended complaint in accordance with the directive in Judge Stewart's Report-Recommendation;

3. After initial review of plaintiff's proposed amended complaint, his claim under 8 U.S.C. § 1447(b) is DISMISSED but the remainder of the amended complaint is accepted for filing;

4. The U.S. Marshal is directed to serve summonses and defendants are directed to answer or otherwise move in accordance with the Local Rules and the Federal Rules of Civil Procedure; and

5. Plaintiff's second motion to proceed IFP, ECF No. 8, is denied as moot.

IT IS SO ORDERED.

_____
United States District Judge

Dated: July 17, 2019
        Utica, New York.